CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 2 2 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| JAMES R. FIELDS, | |
| Petitioner, | Civil Action No. 7:05-cv-00778 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | By: Hon. James C. Turk |
| Respondent. | Senior United States District Judge |

Petitioner James R. Fields, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his motion, Fields requests re-sentencing based on the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Fields also argues that his § 2255 motion is timely filed because he submitted it within one year of the Booker decision. Because the court finds that Booker does not apply retroactively to Fields's case, the court must summarily dismiss his § 2255 motion.

## I. Procedural History.

Fields pled not guilty in this court to a charge of possession of a firearm by a convicted felon. After a two-day trial in July 1999, a jury found Fields guilty. The court sentenced Fields on January 31, 2000, to 293 months in prison. Fields appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Fields, 230 F.3d 1355 (4th Cir. Sept. 15, 2000) (unpublished).

## II. Analysis.

Fields alleges that his sentence violates the rule of Booker. The Supreme Court, in its Booker decision, extended the rule in Blakely v. Washington, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any

Booker decision, extended the rule in Blakely v. Washington, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became final on direct review before the Booker opinion issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive).

Fields's conviction and sentence became final on or about December 15, 2001, one year from the date on which his opportunity to file a petition for a writ of certiorari expired. See United States v. Clay, 537 U.S. 522, 525 (2003). Since Fields's conviction became final prior to the decision in Booker, the court finds that Booker does not apply retroactively to his § 2255 motion for collateral review. Because Fields has not raised any other ground for relief under § 2255, the court must dismiss his motion. Moreover, because Booker does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth

Case 7:05-cv-00778-JCT-mfu    Document 2-1    Filed 12/22/05    Page 2 of 3    Pageid#: 18

Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

An appropriate Final Order will be entered herewith.

ENTER: This 22nd day of December, 2005.

/s/ James C. Turk
Senior United States District Judge

3

Case 7:05-cv-00778-JCT-mfu   Document 2-1   Filed 12/22/05   Page 3 of 3   Pageid#: 19